UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-28-KSF

JO ELLEN SMITH                                                                                          PLAINTIFF

v.                                              **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                                                 DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Jo Ellen Smith, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for Supplemental Security Income based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and decided by the proper legal standards.

**I.      OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential evaluation process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)     If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2)     If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

1

(3)   If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)   If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5)   Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II. THE ADMINISTRATIVE DECISION

In this case, the ALJ conducted a hearing on June 14, 2006, and issued his opinion denying Smith's application for SSI benefits on September 8, 2006. [TR 187, 13] At the time of the ALJ's decision, Smith was 37 years old. [TR 17] She has a high school education and only limited previous work experience. She claims that she became disabled on January 1, 2003 from a combination of severe impairments including back and leg pain, arthritis, fatigue, and high blood pressure. [TR 65]

The ALJ began his analysis at step one of the sequential evaluation process by determining that Smith was not engaged in any substantial gainful employment since the onset of her alleged impairments. Although the ALJ did find that Smith had severe impairments related to obesity, chronic lumbar spine strain, and degenerative joint disease, he determined that these severe impairments do not meet or medically equal a listed impairment contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ did, however, find that Smith had the residual functional capacity ("RFC") to perform a restricted range of medium work. Specifically, the ALJ found that Smith can lift or carry fifty pounds occasionally and twenty-five pounds frequently; stand and walk for six

3

hours in an eight hour workday; sit for six hours in an eight-hour workday; occasionally climb stairs, stoop, kneel, and crouch; never climb, crawl or climb ladders, ropes or scaffolds; and never work at heights or around dangerous machinery. [TR 16]

Inasmuch as Smith has no past relevant work, the burden then shifted to the Commissioner to show that other work exists in the national economy that she could perform. The Commissioner met this burden through the testimony of a vocational expert who testified at the hearing that Smith could be expected to make a vocational adjustment to work that exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors. [TR 18] The ALJ's decision that Smith is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on January 24, 2007. [TR 4] This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## III. ANALYSIS

On appeal, Smith argues that the ALJ erred by acting as his own medical expert in rejecting the opinion of Smith's consultative medical expert, Dr. Doddachallor Shivakumar, who opined that Smith could only perform sedentary exertion, and could never do postural activities, and needed frequent breaks. [TR 184-186]. A review of the administrative record, however, reveals that the ALJ did not act as his own medical expert, but rather as a factfinder weighing conflicting medical opinions.

In rejecting the opinion of Dr. Shivakumar, the ALJ relied on the opinions of other qualified medical experts. Specifically, the administrative record reveals that Smith was examined by Dr. Bobby Kidd on October 7, 2004. [TR 108-112] Dr. Kidd's examination noted that Smith walked with a slightly open gait due to her obesity, but was not unsteady or lurching, was stable, and was

comfortable sitting and lying. [TR 109] There was evidence of early venous insufficiency in her legs, but the examination was otherwise normal, with no spasm or tenderness of the spine or abnormalities of range of motion. [TR 111] All nerves were intact, and Smith had no evidence of weakness or atrophy. [TR 112] She could walk on heels and toes and squat without difficulty. Although Dr. Kidd noted her morbid obesity, he did not impose any limitations or restrictions on Smith. [TR 108-112] Smith was subsequently examined by State agency medical experts, Dr. James Ross on November 2, 2004, and Dr. M. Allen Dawson on January 24, 2005. [TR 114-121, 158-166] The ALJ's RFC finding that Smith can perform a restricted range of medium level work is based upon and is consistent with the opinions of Dr. Ross and Dr. Dawson, not his own "medical" opinion as alleged by Smith.

Smith also argues that the ALJ should have accepted the findings of Dr. Shivakumar based on his one-time examination of Smith on June 9, 2006, because its was the most recent medical examination. However, Smith fails to point to any rule or regulation which gives controlling weight to the most recent medical opinion. Smith alleges that she became disabled on January 1, 2003, and her limitations throughout the entire relevant period are to be considered by the ALJ. Smith has not alleged an amended onset date based on a downturn in her condition. There is simply no merit to Smith's argument that Dr. Shivakumar's opinion is controlling just because it is last in time.

Additionally, Dr. Shivakumar was a one-time consultative examiner, not a treating physician with a longstanding relationship with Smith, and thus is not entitled to the controlling weight normally accorded a treating physician. Moreover, the ALJ is entitled to accept the opinions of the State Agency medical experts where a contrary medical opinion is not supported by objective medical evidence. *Wyatt v. Secretary of Health and Human Services*, 974 F.2d 680, 686 (6th Cir.

1992). The regulations specifically provide that "State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 416.927(f)(2)(i).

In this case, Dr. Shivakumar's opinion is simply not supported by objective medical evidence. Importantly, as the ALJ noted, Smith has not pursued regular treatment for her alleged disabling impairments. Generally, "[the claimant's] statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." Social Security Ruling 96-7p, 1996 WL 374186 (July 12, 1996). A failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, *Hale v. Secretary of Health and Human Services*, 816 F.2d 1078, 1082 (6th Cir. 1987), unless the plaintiff simply has no way to afford or obtain treatment, *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990). Smith has made no allegations that any necessary treatment is unaffordable or otherwise unavailable. Moreover, her office visits from April 2004 forward do not show any treatment for the problems which she alleges are disabling, but rather for minor ailments such as a rash. [TR 123-129, 172-74]

Considering Smith's failure to pursue treatment, coupled with the findings of the State Agency medical experts, and the benign findings of Dr. Kidd, this Court cannot find that the ALJ improperly rejected the opinion of Dr. Shivakumar. Because substantial evidence supports the ALJ's decision, the decision of the Commissioner will be affirmed.

**III.     CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby ORDERS as follows:

(1)     the plaintiff's motion for summary judgment [DE #7] is DENIED;

(2)     the Commissioner's motion for summary judgment [DE # 12] is GRANTED;

(3)     the decision of the Commissioner is AFFIRMED pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)     a judgment will be entered contemporaneously with this Opinion and Order.

This the 25th day of October, 2007.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge